The Abstract has now closed its fifth year of existence, and it goes without saying that it has become very helpful to the Ohio Bench and Bar. In it over 4,000 current decisions of the Ohio Judiciaries have been reported, most of which have not received publicity elsewhere, and never will. Its five volumes have thus become an extensive storehouse of local case law that can be acquired only from them. It has become so useful that to have it, has become essential to a thriving law practice. It is also true that practitioners who do not have access to it, and read it, are often put to a strong disadvantage in combatting at the trial table, their adversaries, who have its extensive vocabulary of precedents to draw from. And it is becoming important to those who have not the five volumes already published to commence at once to take it, for as fast as the number of back volumes increases, the difficulty of getting even a part of a set becomes greater. The building up of a partial set will thus be done insiduously, and the back volumes can be added as desired.

# SYLLABI

STATE ex STANTON, Pros. Atty. v.
ZANGERLE, Co. Aud.
STANTON, Pros. Atty. v. TAX COM.
Ohio Supreme Court.

No. 10755, 20599. Decided Dec. 21, 1927.
In mandamus.
Writ denied.
Error to Cuyahoga Appeals.
Judgment affirmed.

1157. TAXATION—1. Domicile, for listing personal property of an Ohio corporation located therein, is that named in its charter.
2. Not required to list in other tax district wherein it does business, unless legislature has otherwise plainly provided.

KINKADE, J.

The domicile of an Ohio corporotion, named in its charter, when located in Ohio, is the proper place for the listing of the corporation's personal property for taxation, and the corporation is not required to list such property in any other tax district in Ohio by reason of the fact that it does a large portion of its business in such other district, except in cases where the Legislature, by statute, has plainly provided otherwise with respect to the listing and taxing of certain classes of corporate property. (Pelton v. Transp. Co., 37 Ohio St., 450 app. and fol.)
(Marshall, CJ., Day, Robinson, Jones and Matthias, JJ., concur.)

TAX. COM. v. SEC. SAV. BK. & TR. CO.
of Toledo.
Ohio Supreme Court.
No. 20356. Decided Dec. 21, 1927.
Error to Lucas Appeals.
Judgment reversed.

635. INHERITANCE TAX—1. The exemption from this tax of property passing to an institution for public charity, does not apply to the succession of property to be used for not less than 50 nor more than 60 years for profit, even if, thereafter, its accumulation is to be dispensed as a public charity.

2. The succession, to a trustee for dispensing charity only to Master Masons, etc., is not one, "for purposes only of public charity."

ROBINSON, J.

1. The provision of Section 5334, General Code, "The succession to any property passing * * * to or for the use of an institution for purposes only of public charity * * * shall not be subject to the preceding sections of this sub-division," does not apply to the succession of property to be used for a period of not less than fifty nor more than sixty years exclusively for profit and the multiplication of profits, even though such property and its accumulation is thereafter to be dispensed as a public charity, the purpose of the testator being not alone to dispense a public charity but also to increase and augment the estate he has left.
2. The succession of property to a trustee to be used for the purpose of dispensing charity only to aged Master Masons, their wives, widows and dependent orphans, or superannuated clergymen, is not a succession of property "for purposes only of public charity." (Morning Star Lodge v. Hayslip 23 Ohio St. 144, approved and followed.)
(Allen, Jones and Matthias, JJ., concur. Marshall, CJ., anl Day, J., dissent. Kinkade, J., not participating.)